# IN THE OREGON TAX COURT

James and Gloria SIMPSON
*v.*
DEPARTMENT OF REVENUE
(TC 3302)

Thomas H. Lowrey, Lake Oswego, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered June 16, 1993.

## CARL N. BYERS, Judge.

Plaintiffs claim that Oregon's taxation of retirement benefits paid by the State of Alaska is unconstitutional because Oregon exempts its own retirement benefits. Defendant denied plaintiffs' refund claims for 1985 through 1990 and plaintiffs timely appealed to this court.

## ISSUE

The issue before the court is whether this tax scheme violates Article I, section 32, of the Oregon Constitution, the Equal Protection Clause, intergovernmental tax immunity or the Privileges and Immunities Clause of the United States Constitution.

## FACTS

Plaintiffs are husband and wife. Husband was a school teacher in Alaska for 30 years. In 1980, he retired and plaintiffs moved to Oregon. As residents of Oregon, plaintiffs included their Alaska retirement income (after recovering their basis) in their Oregon taxable income and paid taxes thereon. Plaintiffs later concluded this scheme violated both the United States Constitution and the Oregon Constitution and filed claims for refunds. There being no dispute of fact, this matter was submitted on briefs and oral argument.

## STATUTORY SCHEME

During the years in question, ORS 316.048[1] provided:

"The entire taxable income of a resident of this state is the federal taxable income of the resident as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

ORS 316.680(1)(c) provided:

"There shall be subtracted from federal taxable income:

"Amounts received by a retiree, or the surviving spouse of a retiree * * * from a pension, annuity, retirement or similar fund under a public retirement system established by the

---

[1] All references to the Oregon Revised Statutes are to the 1989 Replacement Part.

United States * * * or by this state or any municipal corporation or political subdivision of this state."[2]

## OREGON CONSTITUTION

Article I, section 32, of the Oregon Constitution, provides:

"No tax or duty shall be imposed without the consent of the people or their representatives in the Legislative Assembly; and all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."

■ Although everyone in a classification must be treated uniformly, the legislature has wide discretion to classify for purposes of taxation. *See Standard Lbr. Co. v. Pierce et al.,* 112 Or 314, 228 P 812 (1924). The courts will uphold such classifications if there is any rational ground or basis to do so.

"It, however, is not sufficient to merely point out differences between the groups of taxpayers for divergent treatment. The differences justifying the attempted classification must bear reasonable relationship to the legislative purpose." *Huckaba v. Johnson,* 281 Or 23, 26, 573 P2d 305 (1978).

Although *Huckaba* upheld the constitutionality of ORS 316.067(3) (the predecessor to ORS 316.680), plaintiffs appear to believe that a different result must follow from *Davis v. Michigan Dept. of Treasury,* 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), and *Mathias v. Dept. of Rev.,* 312 Or 50, 817 P2d 272 (1991). Plaintiffs contend that a classification based solely on the source of retirement benefits cannot stand because there are no significant differences that justify such a distinction.[3]

■ The purpose of ORS 316.680(1)(c) is to reduce payroll costs to the State of Oregon. The state can reduce current salaries paid to its employees in exchange for exempting the same employees' retirement benefits from state income taxes; this is certainly within the legislature's power.[4] This court

---

[2] Although the statute contains other limitations and conditions, they are not relevant for purposes of this case.

[3] Plaintiffs do not challenge retirement benefits received from private pension plans, recognizing that they may be substantially different.

[4] The tax exemption is part of the contract between the state and its employees. *Hughes v. State of Oregon,* 314 Or 1, 36, 838 P2d 1018 (1992).

has previously found such purpose is a "rationale [*sic*] predicate" for the classification. *Lindau v. Dept. of Rev.*, 10 OTR 92, 93 (1985).

Plaintiffs misconstrue *Mathias*. *Mathias* concerned a statute that provided different values for property taxation depending upon the number of lots owned. The court held that "[t]he amount of other property that a taxpayer owns is not a rational basis for distinguishing between otherwise identical lots for tax purposes." 312 Or at 62.

No citation of authority is necessary to support the proposition that the state may exempt publicly owned property from property taxation based on its own self-interest. No qualitative differences in property are required. For example, two office buildings may be exactly alike in all respects except ownership. The office building owned and used by the state will be exempt from property taxation while the privately owned office building will be taxable. The same self-interest underlies Oregon's exempting its retirement benefits from state income taxes while taxing retirement benefits received from other states.

## UNITED STATES CONSTITUTION

■ In *Davis*, the State of Michigan exempted from taxation retirement benefits paid by it but imposed its income tax on retirement benefits paid by the federal government. In holding such treatment unconstitutional, the Court noted that the standards for equal protection are not the standards applied to intergovernmental tax immunity. 489 US at 815-16.

*Equal Protection*. Under the Equal Protection Clause a discriminatory classification will be upheld "if any state of facts reasonably can be conceived that would sustain it." *Allied Stores of Ohio v. Bowers*, 358 US 522, 528, 79 S Ct 437, 3 L Ed 2d 480 (1959). If the purpose of the classification is to reduce the state's expenses and the classification accomplishes that purpose, it is not a violation of the Equal Protection Clause.

*Intergovernmental Tax Immunity*. "[I]ntergovernmental tax immunity is based on the need to protect each

sovereign's governmental operations from undue interference by the other." *Davis*, 489 US at 814. Where intergovernmental tax immunity is involved, *Davis* held that the test is whether the inconsistent tax treatment is directly related to, and justified by, " 'significant differences between the two classes.' " *Id.* at 816 (quoting *Phillips Co. v. Dumas School Dist.*, 361 US 376, 383, 80 S Ct 474, 4 L Ed 2d 384 (1960)).

In *Davis*, the individual was subject to two sovereigns. That is, the federal retiree was a resident of the State of Michigan subject to its sovereign powers and at the same time was subject to the sovereign power of the federal government. Under the constitutional doctrine of intergovernmental tax immunity, discriminating against federal retirees impinges on the interests of the federal government. 489 US at 817.

■      Here, however, we are not concerned with intergovernmental tax immunity. As Oregon residents, plaintiffs are not subject to the sovereign powers of Alaska. The states are equal in their sovereign powers and deal with each other on the basis of comity. *Nevada v. Hall*, 440 US 410, 99 S Ct 1182, 59 L Ed 2d 416 (1979). While one state cannot impose a tax or burden on another, it may impose a tax on its own residents' income received from another state. Such a tax scheme does not impinge upon the sovereign interests of the other state. Consequently, there is no intergovernmental tax immunity involved.

■      ***Privileges and Immunities Clause.*** The Privileges and Immunities Clause of the federal constitution "bar[s] discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Toomer v. Witsell*, 334 US 385, 396, 68 S Ct 1156, 92 L Ed 1460 (1948). *See also Wood v. Dept. of Rev.*, 305 Or 23, 28, 749 P2d 1169 (1988). The Privileges and Immunities Clause does not apply in this case because plaintiffs are not residents of another state.

By moving to Oregon, plaintiffs subjected themselves to Oregon's sovereign powers and entitled themselves to participate in its political processes. In doing so, they placed themselves on equal footing with the other citizens of Oregon.

The court finds that defendant's Opinion and Order No. 92-4310, denying plaintiffs' claim for refund, must be sustained. Defendant to recover costs.