IN THE OREGON TAX COURT
REGULAR DIVISION

Philip SHERMAN
and Vivian Sherman,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4547, 4556)

Philip Sherman filed the motion for Plaintiffs (taxpayers).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered August 6, 2002.

**HENRY C. BREITHAUPT, Judge.**

These consolidated cases are before the court on Plaintiffs' (taxpayers) Notice of Motion for Summary Judgment and Defendant Department of Revenue's (the department) Motion for Summary Judgment.

## FACTS

The parties have stipulated that the facts of these cases are as stated in the decision of the Magistrate Division, which may be summarized as follows:

Since 1992, taxpayers have been retired from employment with New York State. Since 1997, taxpayers have been full-time residents of Oregon filing separate Oregon personal income tax returns. Pension payments received by taxpayers from the New York State and Local Retirement System have been included in income reported to Oregon and taxes have been paid on the pensions. For the 1997, 1998, 1999, and 2000 tax years, taxpayers filed claims for refund of taxes paid on the pensions. The department denied the claims for refund.

## ISSUE

Because of Oregon's tax treatment of pensions paid to former Oregon employees, are taxpayers entitled to refunds of Oregon tax on pensions received from the State of New York?

## ANALYSIS

Taxpayers claim they are entitled to a refund of Oregon income tax imposed on pension benefits paid by the State of New York. Taxpayers complain that persons retired from service to the State of Oregon are treated more favorably than those who retired from employment with other states and that this alleged differential treatment constitutes violations of Article I, sections 20 and 32, of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

■ The allegedly unconstitutional benefit afforded certain Oregon public employee retirees was what taxpayers call a "rebate" payment made under ORS 238.380,[1] calculated to increase certain PERS payments so that the amount received, after payment of Oregon income tax, is equivalent to the amount the retiree would have received if the PERS benefit had not been subjected to Oregon income tax.[2] *See*

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1995.

[2] There is an alternative benefit under ORS 238.385, and qualifying retirees are entitled to the larger of the benefits. The Oregon benefits for Oregon retirees

*generally* *Vogl v. Dept. of Rev.*, 327 Or 193, 960 P2d 373 (1998).

■ Taxpayers complain about legislative acts of the State of Oregon occurring as part of a series of legislative and judicial actions regarding Oregon taxation of the retirement income of certain former federal employees, summarized, for the most part in *Vogl*. Neither taxpayer is, however, a former federal employee and the legal doctrines central to the analysis for federal employees do not help taxpayers. The federal retirees had the benefit of federal constitutional and statutory rules relating to intergovernmental immunity that impose quite strict uniformity requirements for treatment of federal retirees. *Davis v. Michigan Dept. of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989). Those rules do not extend to taxation by one state of the current or former employees of another state.

On this question of whether Oregon may tax pension payments made by other states while not taxing its own pension payments,[3] this court sees no reason to depart from its reasoning in *Simpson v. Dept. of Rev.*, 12 OTR 455 (1993), *aff'd*, 318 Or 579, 870 P2d 824 (1994), a case directly addressing that question and finding Oregon's practice acceptable. Each of the objections raised by taxpayers as to classification differences between themselves and Oregon retirees are adequately addressed in *Simpson*.

Taxpayers urge, however, that the action of the state may be declared improper even though it does not transgress the particular limitations cited by taxpayers and their counterparts in *Simpson*, where:

> "* * * [T]he governmental objective for the disparity of treatment between Oregon PERS retirees and out-of-state PERS retirees was and remains ILLEGITIMATE and cannot withstand judicial scrutiny.

---

apply only to persons hired before a certain date and only as to benefits for service rendered before a certain date. Those limitations are not relevant to the disposition of this case.

[3] The court considers the "gross up" rebate payment to be the functional and legal equivalent of an exemption from Oregon taxation for certain PERS retirees. That is consistent with the functional analysis of "exemptions" and "rebates" found in *Vogl* and *Ragsdale v. Dept. of Rev.*, 321 Or 216, 895 P2d 1348, *cert den*, 516 US 1011, 116 S Ct 569, 133 L Ed 2d 493 (1995).

Taxpayers argue that the constitutionality of the Oregon system of taxation of pensions "turns on whether the legislative purpose for enactment of the 1995 tax rebate law is legitimate and permissible." They then observe that because the actions of Oregon were, in their view, motivated either by a desire to violate the rights of federal retirees or to breach contractual rights of Oregon employees, the classifications that the legislature made can no longer benefit from a tolerant rational basis scope of review under various constitutional uniformity provisions. Taxpayers assert these classifications must be struck down because they were employed by the legislature as part of an improperly motivated scheme with no legitimate objective. Taxpayers argue that given the presence of improper motives, the state cannot take the benefit of *Simpson*, a case in which, they argue, no improper legislative motive was shown to exist.

Quite apart from the fact that no case law has been cited by taxpayers requiring or justifying an analysis of legislative "motives," as opposed to review of the classifications employed by the legislature regardless of subjective motives,[4] taxpayers do not have standing to raise the objections they make. On one hand, taxpayers describe as improper the action the Oregon legislature took in ending an Oregon tax exemption for Oregon retirees. But, taxpayers are not Oregon retirees. On the other hand, taxpayers complain about 1995 legislation that provided for "extra" pension payments for Oregon retirees, saying this was motivated by a desire to avoid the state's responsibilities under *Davis*. However, as already noted, taxpayers are not federal retirees and have no standing to raise those objections directly.

Taxpayers may not indirectly raise the issues of compliance with federal law and breach of contract. They cannot overcome their standing deficiencies by suggesting that a federal law violation, found to exist in *Vogl*, causes a pervasive taint such that the state legislation is void. Nor may they complain of the breach of contract found to exist, as to Oregon retirees, in *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992).

---

[4] This is not surprising as none of the constitutional texts cited by taxpayers contain "motive" provisions.

The courts do not sit as parental figures punishing legislatures by voiding legislation that complies with constitutional limitations but may have been, in the minds of some, improperly "motivated." Legislatures are judged on what they do and not motive, unless a constitutional limitation is stated or interpreted to include a motive element.

The 1995 statutory provisions, which taxpayers criticize, attempted to bring in the "back door" the exemption provision for Oregon state pensions that had existed prior to *Davis*, 489 US 803. *See Vogl*, 327 Or 193. That act was apparently in response to the bad news for the state contained in *Hughes*. 314 Or 1. It was, *vis-à-vis* a federal pensioner, objectionable because the classification standards and permissible differential treatments under Title 4, United States Code, section 111, are much narrower than under equal protection analysis. However, for a pensioner of another state, the legislative action only recreated, through rebate rather than exemption, the fiscal and economic reality held to be permitted in *Simpson:* Oregon state pensions effectively would not be taxed in Oregon, but pensions paid by other states to residents of Oregon would be subject to taxation by Oregon. 12 OTR 455. In enacting the 1995 legislation, apparently the Oregon legislature's goal was to recreate the results existing in *Simpson*. The legislature sought to avoid the violation of federal retiree rights through use of an approach like the approach used in the statute upheld in *Ragsdale*. The federal retirees in *Vogl* successfully asserted that the state failed in that attempt. Following *Vogl*, remedies were crafted to address the complaints of the federal pensioners. However, taxpayers may not "piggy-back" on *Vogl* or *Hughes* and avoid the holding in *Simpson*. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiffs' Notice of Motion for Summary Judgment is denied. Costs to neither party.