Argued and submitted May 7, judgment of Tax Court affirmed June 12, 2003

Philip SHERMAN,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

Vivian SHERMAN,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 4547, 4556; SC S49762)

71 P3d 67

Philip Sherman, appellant *pro se*, argued the cause for himself. With him on the briefs was Vivian Sherman, appellant *pro se*.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.

GILLETTE, J.

## GILLETTE, J.

In this direct appeal from a judgment of the Tax Court, taxpayers challenge that court's denial of their claims for refunds of taxes paid on pension benefits that they received from the New York State and Local Retirement Systems. *Sherman v. Dept. of Rev.*, 16 OTR 64 (2002). For the reasons that follow, we affirm the judgment of the Tax Court.

In 1992, taxpayers retired from public employment in New York and began receiving pensions from the New York State and Local Retirement Systems, which is the New York equivalent of Oregon's Public Employees Retirement System (PERS). In 1997, taxpayers became full-time residents of Oregon. Commencing with that year, taxpayers reported the income from their New York public pensions on their Oregon personal income tax returns and paid Oregon taxes on that income. Taxpayers also filed for refunds of taxes paid on their New York public pensions for the 1997, 1998, 1999, and 2000 tax years. The Oregon Department of Revenue (department) denied those refund claims.

Taxpayers then filed a complaint in the Tax Court, alleging that various provisions of the state and federal constitutions required the department to extend to them a tax benefit similar to the "rebates" that are granted to PERS retirees under ORS 238.380. The department moved for summary judgment, a Tax Court magistrate granted the department's motion, and the Regular Division of the Tax Court issued an opinion and judgment that agreed with the magistrate's decision. The present appeal followed.

Taxpayers, who appear before this court *pro se*, first argue that Oregon's income tax laws treat persons who retire from service to the State of Oregon more favorably than those who retire from employment in other states. Taxpayers assert that that disparity in treatment violates Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

The asserted disparity in treatment arises from ORS 238.380, which provides for an "increased benefit" payable to

retired PERS members.[1] Although that statute deals with increased pension benefits, not taxes as such, this court explained the tax significance of such increased benefits in *Vogl v. Dept. of Rev.*, 327 Or 193, 960 P2d 373 (1998). In *Vogl*, this court held, *inter alia*, that, because the increased benefit payments provided by ORS 238.380 are designed to roughly approximate what PERS recipients would have received, had their pensions been tax exempt, the payments are the functional equivalent of a "rebate" of taxes paid on PERS retirement income. *Id.* at 206-08. In fact, the legislature intended the increase to compensate PERS members for the loss of a tax exemption that they previously had enjoyed for such income.[2] The court in *Vogl* concluded that the federal principle of "intergovernmental tax immunity" precluded the state from providing such a tax benefit to Oregon PERS retirees without providing a similar benefit to federal retirees for their federal retirement income.[3] *Id.* at 208, 209-11. After

---

[1] The increased benefit is designed to affect Oregon personal income taxes that retirees pay on their Oregon public employment retirement benefits. ORS 238.380 provides, in part:

"(4)(a) The Public Employees Retirement Board shall calculate a multiplier for the purposes of this section [respecting the calculation of retirement pensions] equal to the percentage produced by the following formula:

$$\text{``}\quad \frac{1}{1 - \text{the maximum Oregon personal income tax rate}}\text{''}$$

The Public Employees Retirement Board must recalculate the multiplier with respect to any year in which that maximum Oregon personal income tax rate changes. ORS 238.380(7).

[2] The legislature repealed the tax exemption for PERS retirement income in response to the United States Supreme Court's decision in *Davis v. Michigan Dept. of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989). *Davis* held that a similar tax exemption for Michigan public employees violated the principle of intergovernmental tax immunity.

In *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992), this court held that, to the extent that the repeal of the tax exemption pertained to taxes on benefits attributable to services performed before the repeal, the repeal breached the employment contracts of PERS members. In response to that decision, the legislature enacted ORS 238.380, which purports to compensate for the breach of contract.

[3] The principle of intergovernmental tax immunity forbids (1) taxation of one sovereign by another; and (2) indirect taxes that discriminate against those with whom the sovereign deals. The principle has its roots in the United States Constitution, but is most succinctly expressed in a federal statute, 4 USC section 111, in which the United States consents to taxation by a "duly constituted taxing

*Vogl*, the legislature did not repeal ORS 238.380, but instead provided certain "equivalent" tax benefits to federal retirees.

Reasoning from this court's holding in *Vogl*, taxpayers begin with the unexceptional premise that ORS 238.380 confers a tax break in the form of a "rebate." Taxpayers next contend that, because ORS 238.380 extends that tax break to Oregon residents who retired from public employment in Oregon, but not to Oregon residents who retired from public employment in other states, the statute involves a "classification." Finally, taxpayers argue that that classification scheme violates Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment, because it is not reasonably related to a legitimate government purpose.[4]

To the extent that taxpayers are arguing that it categorically is impermissible for a state to give tax breaks to the state's own government retirees that the state does not extend to the retirees of other state governments, *Simpson v. Dept. of Rev.*, 318 Or 579, 870 P2d 824 (1994), suggests otherwise. Taxpayers have not raised any argument that was not considered and rejected in *Simpson*.

■ Taxpayers have another string to their bow, however. They contend that *Simpson* is inapplicable to their claims because that case dealt with a tax exemption for PERS pensions, as opposed to a benefit increase that this court identified in *Vogl* as a disguised tax rebate. Taxpayers contend that, however legitimate a straightforward tax exemption limited to PERS pensions may have been, that legitimacy does not extend to the rebate scheme that is at the heart of ORS 238.380 (or to the classification that is inherent in that scheme). That is so, in taxpayers' view, because the "purposes" behind ORS 238.380 were, and are, illegitimate ones.

authority" on the pay of federal employees, as long as the tax does not discriminate against federal employees because of the source of their pay.

[4] In so arguing, taxpayers suggest that their federal and state equal protection claims both are subject to "rational basis" review. That clearly is the test for taxpayers' federal equal protection claim. Because taxpayers have not argued otherwise, the court can assume that it also is the test for taxpayers' state equal privileges and immunities claim.

Taxpayers contend that the statutory purposes behind ORS 238.380 are those identified in *Vogl*: (1) to avoid the effect that *Davis* would have on Oregon's income tax base; and (2) to settle the outstanding contractual dispute between Oregon and its PERS retirees who had been promised tax-free retirement benefits. Taxpayers argue that those purposes are illegitimate because they arose in connection with, or were motivated by, a desire by the state to violate the rights of federal retirees and to breach its contract with PERS employees. Taxpayers also argue that the statute is tainted in some fashion because the legislature was "devious" and "deceptive" in enacting it.

The Tax Court rejected taxpayers' arguments on the ground that taxpayers were neither federal nor Oregon PERS retirees and, therefore, lacked standing to object, even in an indirect fashion, to the state's violation of federal pensioners' rights and its breach of its contract with Oregon public retirees:

> "Taxpayers may not indirectly raise the issues of compliance with federal law and breach of contract. They cannot overcome their standing deficiencies by suggesting that a federal law violation, found to exist in *Vogl*, causes a pervasive taint such that the state legislation is void. Nor may they complain of the breach of contract found to exist, as to Oregon retirees, in *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992).

> "The courts do not sit as parental figures punishing legislatures by voiding legislation that complies with constitutional limitations but may have been, in the minds of some, improperly 'motivated.' Legislatures are judged on what they do and not motive, unless a constitutional limitation is stated or interpreted to include a motive element."

*Sherman*, 16 OTR at 67-68. Taxpayers respond that the Tax Court is incorrect in denying the importance of the "legislative history" of ORS 238.380 and in suggesting that they lacked standing to challenge the statute on the basis of historical purposes that did not affect them.

■ Certainly, as the department acknowledges, taxpayers have standing to advance any argument that, if well

taken, would reduce their tax liability. However, even granting that taxpayers have standing to raise this issue, the nature of the particular legislative history of a statutory enactment is not the point. Rather, the point is whether that legislative history, whatever it may be, somehow can "taint" the statute as "illegitimate" for all purposes or, specifically, for purposes of the federal equal protection and state equal privileges and immunities provisions.

As to that issue, taxpayers have cited no authority, and we are aware of none, that would justify treating a statutory scheme that a court has held to be invalid for one or more discrete purposes as invalid for all purposes, based solely on the motivation of the legislature in enacting it. A legislature's reach may exceed its grasp in some respects, but that does not make the entire legislative choice impermissible.

On the constitutional level, the classification in ORS 238.380 passes muster under Article I, section 20, if the legislature had a rational basis for making the distinction. *Crocker and Crocker*, 332 Or 42, 55, 22 P3d 759 (2001).[5] The state argues, and we agree, that the purpose of ORS 238.380 was and is to allow the state to meets its contractual obligation to its own former employees, and that the classification inherent in the statute is rational and fairly relates to that purpose.

Certainly, federal equal protection cases support our view. Those cases make it clear that, in the equal protection context, rational basis review is deferential, requiring the challenging party to disprove any conceivable state of facts that could provide a rational basis for the classification. *Board of Trustees v. Garrett*, 531 US 356, 367, 121 S Ct 955, 148 L Ed 2d 866 (2001). A challenger cannot meet that burden merely by showing that one historical motive relating to the statute's enactment later proved to be unlawful or "illegitimate" with respect to one application of the statute.

---

[5] A different standard applies when the classification is based on personal characteristics that are immutable. *Crocker*, 332 Or at 55. Taxpayers do not argue that the classification in ORS 238.380 is based on immutable personal characteristics.

■ Taxpayers separately contend that ORS 238.380 constitutes an unlawful delegation of legislative powers. Their theory arises out of the fact that the statute permits PERS rebate recipients to designate beneficiaries who will receive those same rebates. Taxpayers contend that such designations constitute legislative acts. We fail to see how that is so. The legislative power is fully expressed by granting the authority to make such designations to individual retirees. A decision by a particular retiree to make use of the authorization thereafter is not a further legislative act.

Finally, taxpayers argue to this court that ORS 238.380 violates Article IV, section 24, of the Oregon Constitution because it is a special law, aimed at compensating individual employees who have outstanding claims against the state based on the state's breach of its contractual obligation not to tax PERS retirement income.[6] Petitioners did not raise that argument before the Tax Court. We therefore decline to address it.

We have considered each of taxpayers' arguments respecting the decision of the Tax Court. None is well taken. Accordingly, we affirm the judgment of the Tax Court.

The judgment of the Tax Court is affirmed.

---

[6] Article IV, section 24, of the Oregon Constitution provides:

"Provision may be made by general law, for bringing suit against the State, as to all liabilities originating after, or existing at the time of the adoption of this Constitution; but no special act authoriz[ ]ing such suit to be brought, or making compensation to any person claiming damages against the State, shall ever be passed."