Argued November 9, 1977, affirmed January 2, 1978

## HUCKABA, *Appellant,*

*v.*

## JOHNSON et al, *Respondents.*

(No. 1089, SC 25171)

573 P2d 305

Paul J. Speck, Bend, argued the cause for appellant. On the briefs were E. G. Nilsson and Williver & Forcum, Bend.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Theodore W. de Looze, Chief Tax Counsel, Salem.

Before Holman, Presiding Justice, Tongue and Howell, Justices, and Richardson, Justice Pro Tempore.

RICHARDSON, J., Pro Tempore.

**RICHARDSON, J.,** Pro Tempore.

This is a suit for declaratory judgment brought before the Oregon Tax Court pursuant to ORS chapter 28. The suit challenges the constitutionality of ORS 316.067 (3) of the Personal Income Tax Act. ORS 316.067 (1) (c) allows a deduction from taxable income of payments received under a retirement system established by the United States; including military retirement systems. The challenged statute, ORS 316.067 (3), denies this exclusion in the case of a military retiree until age 65. The question presented to the court for determination is whether the exclusion from taxable income provided in ORS 316.067 (1) (c) of funds received from a retirement system established by the United States may be denied in the case of military retirees until age 65 without violating the equal protection and uniformity requirements of the state and federal constitutions. The tax court held the statute was constitutional and dismissed the complaint. Plaintiff appeals. We affirm.

The facts are relatively simple and were presented to the tax court by stipulation. Taxpayer retired after 20 years of service in the Armed Forces. He is presently under 65 years of age and receives a military pension. In addition he has earned income in excess of $2,400 per year. Under ORS 316.067 (3) he is denied exclusion from taxable income of retirement benefits until he reaches age 65. The exclusion after 65 is offset dollar for dollar against other earned income.

In *Dutton Lbr. Corp. v. Tax Com.,* 228 Or 525, 365 P2d 867 (1961), we set forth the applicable principles:

> "The equal protection of the laws required by the Fourteenth Amendment does not prevent states from resorting to classifications for the purposes of legislation and they have a wide range of discretion in that regard (*Safeway Stores v. Portland,* 149 Or 581, 595, 42 P2d 162; *Wittenberg v. Mutton,* 203 Or 438, 446, 280 P2d 359) if the classification is reasonable, not arbitrary and rests upon some ground of difference having a fair and

substantial relation to the object of the legislation, so that persons similarly situated shall be treated alike. This latitude is notably wide in classifications for purposes of taxation. *Royster Guano Co. v. Virginia,* 253 US 412, 64 L ed 989, 990, 40 S Ct 560. * * *" 228 Or at 539.

What is required in assessing a constitutional challenge to classification for tax benefit is a review of the grounds for the classification to determine if it rests upon a rational basis. The legislature may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it. *Carmichael v. Southern Coal Co.,* 301 US 495, 57 S Ct 868, 81 L Ed 1245, 109 ALR 1327 (1937); *Smith et al v. Columbia County et al,* 216 Or 662, 341 P2d 540 (1959). It, however, is not sufficient to merely point out differences between the groups of taxpayers for divergent treatment. The differences justifying the attempted classification must bear a reasonable relationship to the legislative purpose. The legislative power to create a classification implies the authority to subclassify persons included in the general class if there is a rational basis for making this further distinction. *Smith et al v. Columbia County et al, supra; State v. Kozer,* 116 Or 581, 242 P 621 (1926).

ORS 316.067 provides in pertinent part:
"(1) There shall be subtracted from federal taxable income:
"* * * * *

"(c) Amounts received in the taxable year in compensation for personal services rendered in prior years, from a pension, annuity, retirement or similar fund under a public retirement system established by the United States, including the retirement system for the performance of service in the Armed Forces of the United States * * *. In the case of a public retirement system established by the United States, including the retirement system for the performance of service in the Armed Forces of the United States, the maximum amount

excludable from taxable income from such pensions or annuities shall be in the amount of $2,400."[1]

"* * * * *

"(3) In the case of amounts received from the retirement system for performance of service in the Armed Forces of the United States as described in paragraph (c) of subsection (1) of this section the $2,400 exclusion shall be granted only to retirees age 65 or older and such exclusion is further reduced dollar for dollar to the extent of any earned income received during the taxable year. * * *"

The statutory language quoted above is the result of amendment to the Income Tax Act in 1971. As it read in 1971 prior to amendment, ORS 316.067 (1) (c) allowed subtraction from taxable income of amounts received from a United States retirement system but specifically excluded military retirement income from the tax benefit regardless of the age of the retiree. Consequently, the taxpayer would not have been entitled to an exclusion even after reaching age 65.

The 1971 amendment which created the taxpayer's constitutional challenge began with the introduction of House Bill 1283 which, in its original form, would have amended ORS 316.067 (1) to subtract from federal taxable income

"* * * * *

"(f) [t]he first $2,400 of any payments received as pension or retirement pay received for the performance of active service in the Armed Forces of the United States."

The language of ORS 316.067 (1) (c) and (3) quoted above in the body of this opinion and as it read at the

---

[1] Oregon Laws 1977, ch 784, § 1, p 198-99, effective for tax years beginning January 1, 1977, increases the exclusion from $2,400 to $3,400 for both civilian and military retirees and adds the following limitations on the exclusion:

"* * * However, if the retiree is under 62, the $3,400 subtraction is reduced dollar for dollar to the extent of any earned income, as defined in subsection (3) of this section, received during the taxable year. If the retiree receives $25,000 or more of household income, as defined in ORS 310.630, the subtraction is zero."

[ 27 ]

commencement of this proceeding was adopted as an amendment to House Bill 1283 in the Senate Committee on Taxation. The committee's deliberations provide some insight into the motives for the amendment. A senator, proposing adoption of the amendment said:

"* * * Now this amendment makes sense. In other words we won't be faced with the situation of somebody [who] has put in 20 years, went into the service at 18 and comes out at 38 would be given this tax preference. I think that this 65 amendment — 65 year or older amendment — it does make sense and it extends the benefit to those people who have served their country as well as to former federal employes. * * *" Senate Committee on Taxation, May 26, 1971, Tape No. 13, Side 1.

The 1971 amendment identified persons receiving income from a federal retirement system as a class who could receive the tax modification benefit. This general class was divided into two groups by the subclassification of military retirees who would not receive the income subtraction until they attained the age of 65, and then the subtraction is offset dollar for dollar against other earned income. Plaintiff asserts there is no rational basis for such subclassification of federal retirees because they are all members of a class receiving retirement income from a United States retirement system.

The Department of Revenue argues that the differences in eligibility for retirement benefits between Armed Forces retirement systems and those available to other federal employes justify the different treatment for income modification.

There are differences between the two retirement systems of a substantial nature that rationally relate to the purposes of the tax modification statute. The objective of the 1971 amendment to ORS 316.067 was to extend to military retirees a tax benefit approximately equal to that previously enjoyed by civil service retirees. The subclassification was necessary in order to not accord greater benefits to military

retirees. This subclassification is based upon the differences in eligibility for retirement. Military personnel qualify for retirement after 20 years of service regardless of age. Generally persons enter the Armed Forces at an early age and if they retire after 20 years of service are still young enough to compete in the job market and commence a new career. As a result they have available not only their military retirement pay but the income from post-retirement employment. In addition they have the opportunity of qualifying for benefits from an additional retirement fund. The example cited by the Senate Committee on Taxation during consideration of the amendment to ORS 316.067 illustrates the generalization. A person who enters the military service at age 18, not an uncommon occurrence, and retires after 20 years of service is only 38 years old. He then has the opportunity at this relatively young age to enter new employment and work up to the traditional retirement age of 65. During this time he has received military pension benefits in addition to his regular income. Additionally he may have qualified for retirement income from a nonmilitary source. Thus at age 65 he would be receiving payments from two retirement systems.[2]

In contrast a federal civil service employe must satisfy two basic requirements before becoming eligible for retirement, i.e., age and years of service. With few exceptions a federal civil service retiree must have reached age 55 and completed 30 years of service to qualify for full retirement benefits.[3] The legislature could reasonably assume that at age 55 a

---

[2] In 1972 the United States Civil Service Commission reported that 2.7 percent of the federal civilian work force was composed of retired military persons who received military pensions as well as salaries in new federal jobs. Unlike retired civilian employes who enter federal civil service, retired enlisted personnel or reserve officers are not required to deduct federal pensions from their salary. Civil Service Commission for Subcommittee on Manpower and Civil Service, 92nd Cong. 2d Sess. *Study of Retired Uniformed Services Personnel in the Federal Civilian Service.* (Comm. Print No. 22, 1972.)

[3] *See* 5 USCA § 8336.

person is not able to effectively compete in the job market with younger workers and would not have an opportunity to be involved in an additional retirement system.

■  Plaintiff, while not disputing the factual premise that Armed Forces personnel retire at an early age, argues that this ignores the fact that many United States civil servants may retire younger than 55. He cites 5 USCA § 8336 which provides that law enforcement officers and firefighters may retire after becoming 50 years of age and completing 20 years of service. He contends a civil service retiree once he has reached the age of 50 is no different than an Armed Forces retiree receiving retirement income at age 50. This example overlooks the fact a military person may retire before he has reached 50 and is thus more able to enter a new career and retirement system. The civil servant is not able to retire prior to his 50th birthday and thus cannot as easily begin a new career. The subclassification is not based upon a comparison of retirees at age 50 or 55, but upon the differences in eligibility for retirement. The broad legislative classification must be judged by reference to characteristics typical of the affected class rather than by focusing on selected atypical examples.

■  General rules are essential if a system of the magnitude and complexity of the Personal Income Tax Act is to be administered with a modicum of efficiency, even though application of the rule may produce seemingly arbitrary consequences in some cases. A nonmilitary federal retiree may, in fact, after retirement obtain employment and create an additional retirement fund. Or conversely an Armed Forces retiree may be unable to enter a new career and be required to subsist on his military retirement pay. Making these determinations would require individualized proof as each income exclusion was claimed. The legislature could reasonably choose between a system of individualized inquiry and a general rule based on the source of the retirement benefit. The

former method would introduce complexities in the administration of an already complex tax system and increase the expense of administration. The choice between these competing policies is a legislative determination and the decision to accord the benefit on the basis of an easily ascertainable criterion does not offend constitutional principles. *See Califano v. Jobst,* — US —, 98 S Ct 95, 54 L Ed 2d 228, (1977).

In his second argument, supporting a constitutional challenge, plaintiff contends, even after age 65 when he would be entitled to the income exclusion, the retirement pay he receives must be offset dollar for dollar against other earned income, ORS 316.067 (3). This, he argues, discriminates against the military retiree since civil service retirees are not subject to the same offset after age 62.[4] Here again the factual distinctions between the retirement systems for military and nonmilitary personnel form the rational basis for the different treatment. A military retiree, because of early retirement from the Armed Forces, has the opportunity, incident to new employment, to enter an additional retirement system. At age 65 he would then receive retirement pay in addition to the military pension he was already receiving. The same opportunities would not be readily available to the older civil service retirees.

This is a valid factual assumption and a rational predicate for the classification of military pensioners for different treatment in allowing an income deduction. It is reasonably related to the legislative objective of extending the tax benefit on an approximately equal basis to federal retirees. We conclude ORS 316.067 (3) does not contravene the Fourteenth Amendment to the United States Constitution or Art 1, §§ 20 and 32, Art IX, § 1, of the Oregon Constitution. The decree is affirmed.

Affirmed.

---

[4] Oregon Laws 1977, ch 784, § 1, p 198-99, requires the offset for civil service retirees under age 62. After age 62 there is no offset. *See* Footnote 1.