# IN THE OREGON TAX COURT

## WILSON et al
### *v.*
## DEPARTMENT OF REVENUE
(TC 2106)

Sharon A. Rudnick, Harrang, Swanson, Long & Watkinson, P.C., Eugene, represented plaintiffs.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Opinion for defendant rendered January 22, 1985.

## EDWARD H. HOWELL, Judge Pro Tem.

The plaintiffs appeal from the defendant's adjustments to their personal income tax returns for tax years 1975, 1976 and 1977. During these years, the plaintiffs were partners in the partnership of Lem Wilson and Sons. In 1973, Oregon property owned by the partnership was acquired by the United States through eminent domain proceedings and the partnership realized a gain for income tax purposes.

The partnership elected to defer recognition of the gain for state and federal income tax purposes under IRC § 1303 (1954) by acquiring like-kind property consisting of a theatre and a ranch in Oregon and a post office facility in Illinois. The defendant disallowed nonrecognition treatment as applied to the investment in the Illinois property pursuant to ORS 314.290 which limits the deferral of tax recognition of gain to exchanges where the property newly acquired has a situs in Oregon.

ORS 314.290(1) states:

"[W]here laws relating to taxes imposed upon or measured by net income make provision for deferral of tax recognition of gain upon the voluntary or involuntary conversion or exchange of tangible real or personal property, such provisions shall be limited to those conversions or exchanges where the property newly acquired by the taxpayer has a situs within the jurisdiction of the State of Oregon."

The plaintiffs contend that ORS 314.290 is invalid and unenforceable on the grounds that it (1) violates the commerce clause, art I, § 8, cl 3, of the United States Constitution, (2) violates the fourteenth amendment, § 1, equal protection, (3) violates the fourteenth amendment, § 1, due process of law, and (4) violates art I, § 32, and art I, § 20, of the Oregon Constitution.

*I   Does ORS 314.290 violate the commerce clause of the United States Constitution?*

Plaintiffs quote *Pike v. Bruce Church,* 397 US 137, 142, 90 S Ct 844, 25 L Ed 2d 174, 178 (1970), as support for their allegation that a state statute which affects interstate commerce must pass a three-part test to withstand scrutiny under the commerce clause:

"Although the criteria for determining the validity of state

statutes affecting interstate commerce have been variously stated, the general rule that emerges can be phrased as follows: Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. * * * If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities."

In considering ORS 314.290, inquiry is directed to the following:

(1)  Does the statute regulate evenhandedly to effect a legitimate state interest?

(2)  Is the burden on interstate commerce excessive in relation to the state benefits?

(3)  Could the interest be promoted as well with a lesser impact on interstate commerce?

ORS 314.290 limits deferral of tax recognition of gain upon the voluntary or involuntary conversion or exchange of real property to those conversions or exchanges where the property newly acquired by the taxpayer has a situs within the jurisdiction of the State of Oregon. The tax rate and the tax amount are the same regardless of whether the taxpayer chooses to make a like-kind exchange within or without Oregon.

Recognition of the gain is required if property newly acquired is outside the jurisdiction of Oregon in order to insure that gains realized on investment property in Oregon are recognized and the taxes on such gain are paid. If the gain is deferred and taxed in a subsequent sale, the state could be without jurisdiction to tax that portion of the gain attributable to Oregon since it might be a sale by a nonresident of out-of-state property.

The court in *Taylor v. Conta,* 106 Wis2d 321, 316 NW2d 814 (1982), found that differential treatment of new

residences inside and outside the state has a substantial relation to a legitimate state objective, that of raising revenue and in order to achieve equality among the taxpayers.

■　　　This court finds that Oregon has a legitimate state interest to protect and that ORS 314.290 does so uniformly affecting all exchanges where the situs of the new property is outside the state.

The plaintiffs contend that ORS 314.290 discriminates against interstate commerce because "the taxpayer who makes a like-kind exchange for out-of-state property (a transaction in interstate commerce) is taxed, while the taxpayer who makes the same like-kind exchange, but purchases Oregon property (an intrastate transaction), is not taxed." (Plaintiffs' Opening Brief, at 10-11.)

Plaintiffs have wrongly stated the case. In both events, the taxpayer is taxed and the rate used to determine the taxpayer's liability is the same. The difference between the transactions lies solely in recognition of the gain as opposed to deferral of the gain. In both events, the taxpayer has a tax liability which must be satisfied immediately or some time in the future.

■　　　The plaintiffs claim that the burden placed upon interstate commerce is excessive in relation to the state benefits derived from ORS 314.290. Plaintiffs assert that the extent of the burden that will be tolerated depends on the nature and purpose of the local interest involved and the availability of alternatives having a lesser impact on interstate commerce. The plaintiffs contend that the purpose of the statute is to raise revenue. A more careful analysis indicates that the purpose was to prevent losing revenue which was legally due the state. By the plaintiffs' own words, quoting testimony from Dean Ellis, Committee Counsel, Minutes, House Committee on Taxation, March 15, 1957, the purpose of ORS 314.290 was " 'to prevent escapement of taxable income in case of conversion' to out-of-state property." (Plaintiffs' Opening Brief, at 13.)

Plaintiffs charge that the practical effect of the statute is to hinder attempts to move investments or businesses to another state by making it financially more difficult for investments to leave Oregon and thus violating the purpose of

the commerce clause. In answer to this statement, the defendant noted that recognition of gain in a year different from that of its realization may or may not result in a financial burden, depending upon the taxpayer's particular circumstances and upon the tax law in effect at the time of the recognition. If the taxpayers' situation offered possibilities for "sheltering" gains, immediate recognition could be more financially advantageous than deferral of the gain. The plaintiff has not persuaded the court that ORS 314.290 imposes a burden on interstate commerce that is excessive in relation to the state benefits.

Inquiry is now directed to the plaintiffs' claim that the state's interest could be promoted as well with a lesser impact on interstate commerce. Plaintiffs assert that the amount of tax raised by ORS 314.290 is "necessarily small in relation to the overall amount of tax revenue generated by Oregon [and] could certainly be raised by a means that would not excessively burden interstate commerce." (Plaintiffs' Opening Brief, at 14.)

In *Taylor v. Conta, supra,* the court found a legitimate state objective in allowing residents to defer gain on sale of their residences while taxing former residents immediately. Discussion centered on the fact that the state would have no jurisdiction to tax gain attributable to Wisconsin on the sale by a nonresident of out-of-state property and former residents could escape being taxed altogether. The court concluded that no reasonable alternative existed for collecting the deferred gain once a taxpayer leaves the state.

The plaintiffs offered no reasonable alternative for collecting the deferred gain in the present case. The court rejects the plaintiffs' unsupported statement that the revenue gained by the application of ORS 314.290 could be raised by other means.

The court finds that application of the test propounded by the plaintiffs as found in *Pike v. Bruce Church, supra,* results in negative answers to the three questions involved. Therefore, ORS 314.290 does not violate the commerce clause of the United States.

*II   Does ORS 314.290 violate the fourteenth amend-
ment right of equal protection?*

The fourteenth amendment of the United States
Constitution mandates that "[n]o State shall make or enforce
any law which shall * * * deprive any person * * * within its
jurisdiction the equal protection of the laws."

The plaintiffs admit that a state has wide discretion
in the classification of subjects for taxation but asserts that
the classification must rest on some ground of difference
which is fairly related to the object of the legislation so that all
persons similarly situated are treated alike.

■       The plaintiffs contend that ORS 314.290 arbitrarily
discriminates within a class of taxpayers by immediately
taxing some and allowing others a tax deferral. However, the
court has recognized the power to subclassify persons included
in a particular class. *Jarvill v. City of Eugene,* 289 Or 157, 613
P2d 1 (1980); *Huckaba v. Johnson,* 281 Or 23, 573 P2d 305
(1978); *Dutton Lbr. Corp. v. Tax Com.,* 228 Or 525, 365 P2d 867
(1961).

The classification " 'must rest upon some ground of
difference having a fair and substantial relation to the object
of the legislation.' " *Allied Stores of Ohio v. Bowers,* 358 US
522, 526, 79 S Ct 437, 3 L Ed 2d 480, 485 (1959). As noted
above, the legislative intent embodied in the statute at issue is
to avoid loss of tax on gains legitimately owed the state due to
a taxpayer's removing himself from the state's jurisdiction.
Therefore, the classification fulfills the requirement noted by
*Allied Stores of Ohio, supra.* The court finds that ORS 314.290
is not violative of the fourteenth amendment right of equal
protection.

*III   Does ORS 314.290 violate the fourteenth amend-
ment right of due process?*

Substantive due process is explained in terms of the
power of the state to tax. *School Dist. No. 12 v. Wasco County,*
270 Or 622, 529 P2d 386 (1974).

■       Other comments on due process follow:

"[I]t is, by now, absolutely clear that the Due Process Clause
does not empower the judiciary 'to sit as a "superlegislature to

weigh the wisdom of legislation" * * *.' " *Exxon Corp. v. Governor of Maryland,* 437 US 117, 98 S Ct 2207, 57 L Ed 2d 91, 99 (1978) (quoting *Ferguson v. Skrupa,* 372 US 726, 731, 10 L Ed 2d 93, 83 S Ct 1028, 95 ALR2d 1347).

"A state is free to pursue its own fiscal policies * * * if by the practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by the fact of being an orderly, civilized society.

"* * * The simple but controlling question is whether the state has given anything for which it can ask return." *Wisconsin v. J. C. Penney Co.,* 311 US 435, 444, 61 S Ct 246, 85 L Ed 267, 270-271 (1940).

The plaintiffs assert that the tax assessed under ORS 314.290 violates due process because it is not related to any additional benefit provided to taxpayers who make a like-kind exchange for out-of-state property. The controlling question, however, as stated above, is: "[W]hether the state has given anything for which it can ask return."

During the period leading up to the transaction which resulted in gain for the plaintiffs, the State of Oregon afforded the plaintiffs' property the protection and services of its government. For this protection and service, the state asks, pursuant to ORS 314.290, that tax legally due it be recognized in instances where the exchange for like property has a situs outside Oregon's jurisdiction in order to prevent a possible escape from Oregon taxation. Having provided protection and services, there is no violation of due process when the recognition of gain is required in return.

*IV    Does ORS 314.290 violate art I, § 32, or art I, § 20, of the Oregon Constitution?*

The plaintiffs' assertion that the statute violates art I, § 32, of the Oregon Constitution, requiring that all taxation shall be uniform on the same class of subjects, is merely another approach to or a restatement of the plaintiffs' primary claims of lack of equal protection and due process. Having answered these arguments above, the court finds that art I, § 32, of the Oregon Constitution is not violated by ORS 314.290.

Plaintiffs alleged that ORS 314.290 violates art I, § 20, of the Oregon Constitution which mandates that "[n]o law

shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

"The controlling principles which guide the courts in determining questions of alleged unconstitutional discrimination or class legislation are the same whether it is the equal protection clause of the Fourteenth Amendment of the Constitution of the United States which is invoked, or the privileges and immunities provision in Art I, § 20 of the Oregon Constitution. Fundamentally, classification is a matter committed to the discretion of the legislature and the courts will not interfere with the legislative judgment unless it is palpably arbitrary." *Plummer v. Donald M. Drake Co.,* 212 Or 430, 437, 320 P2d 245 (1958).

The court has already found that the classification is not arbitrary but "rests upon some ground of difference having a fair and substantial relation to the object of the legislation." *Allied Stores of Ohio v. Bowers, supra,* at 527. Therefore, it follows that ORS 314.290 does not violate art I, § 20, of the Oregon Constitution. In view of the foregoing, the court finds that ORS 314.290 is constitutional.

In addition to challenging the constitutionality of ORS 314.290, plaintiffs assert that the entire proceeding in this case was invalid because the defendant failed to notify or assess the partnership and all the partners of the proposed deficiency as required by ORS 305.265.

The defendant asserts that the partnership was notified of the proposed revision. (Defendant's Answer, at 2.) The defendant admits that no deficiency was assessed against two other partners in the partnership and denies that such action is required by statute.

ORS 305.265(2) states:

"[T]he department shall examine or audit it, [a report or return] if required by law or the department deems such examination or audit practicable. If the department discovers * * * that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's intention to assess the same, * * *."

IRC § 701 (1954) states:

"A partnership as such shall not be subject to the income tax * * *. Persons carrying on business as partners shall be

liable for income tax only in their separate or individual capacities."

IRC § 702 (1954) requires:

"In determining his income tax, each partner shall take into account separately his distributive share of the partnership's—

"* * * * *

"(2)  gains and losses from sales or exchanges of capital assets held for more than 1 year, * * *."

Therefore, the filing of a partnership return is merely an informational return with the tax liability due to any partnership gains being proportionately assumed by each partner in his individual income tax return.

Pursuant to ORS 305.265, the department is given discretionary authority to audit returns. There is no legislative mandate requiring that every return filed be audited. If a deficiency is discovered, the department is required to "give notice *to the person filing the return* of the deficiency and of the department's intention to assess the same." (Emphasis added.) The plaintiffs' personal income tax return was audited and it has been stipulated that the required notice was sent to the plaintiffs. The plaintiffs requested and received a conference regarding the assessment pursuant to ORS 305.265(6). Therefore, the court finds that the defendant followed statutory guidelines. The plaintiffs' plea that the assessment should be cancelled because the proceedings were invalid is without merit.

Therefore, the court affirms the defendant's assessment of additional Oregon personal income taxes for the tax years 1975, 1976 and 1977.