DECISION
This matter is before the court on Defendant's Motion to Dismiss, filed May 5, 2008, asserting that Plaintiffs are not aggrieved as required under ORS 305.275, "because plaintiff[s] ha[ve] requested a reduction in maximum assessed value that is contrary to ORS 308.146." (Def's Mot at 1.)
A case management conference was held on July 30, 2008. Jami L. Pannell and Jeffrey K. Petersen appeared on their own behalf. Ken Collmer participated for Defendant. Subsequently, written arguments were filed; the record closed September 5, 2008.
 I. STATEMENT OF FACTS
Plaintiffs appealed the value of their property, identified as Account R228394, for the 2007-08 tax year to the county board of property tax appeals (board). The board affirmed Defendant's values at a real market value (RMV) of $303,400 and a maximum assessed value (MAV) at $156,250. The RMV is close to Plaintiff's acquisition price of $309,000, paid in August of 2006.
Plaintiffs have now appealed to this court seeking a reduction in MAV from $156,520 to $101,146. They do not contest the RMV. *Page 2 
The subject property is land and a residential structure built in 2006. For the January 1, 2007 assessment date, Defendant used the $303,400 of exception (new construction) value and multiplied by the applicable ratio of "the average maximum assessed value over the average real market value for the assessment year," (otherwise known as the change property ratio (CPR)) as provided in ORS 308.153. On a county-wide basis, that CPR was .5159 for residential properties that year. The product of those two numbers is $156,520 (rounded), the MAV affirmed by the board.
Plaintiffs claim the MAV derivation is incorrect. The Complaint claims "our assessed value is 2-3 times that of comparable homes on our street." (Ptfs' Compl at 1.) On June 6, 2008, Plaintiffs filed their Opposition to Defendant's Motion to Dismiss (Opposition). In that, Plaintiffs maintain their "right to equal protection under the law has been violated." (Ptfs' Opposition at 7.) They contend they are "suffering discrimination in the form of inequitable taxation." (Id. at 8.)
 II. ANALYSIS
The relief Plaintiffs seek is contrary to law.
Measure 50 is adopted in Article XI, section 11 of the Oregon Constitution. RMV represents the market value (i.e., likely selling price) of a property. RMV is not contested in this appeal. MAV was first established in 1997 as 90 percent of the property's 1995 RMV on the rolls, [1] with annual increases thereafter of three percent.[2] For properties constructed after that *Page 3 
time, the statutes mandate the use of the appropriate CPR. ORS308.153. Finally, AV is the lesser of the property's MAV or RMV. ORS308.146(2). Thus, whereas RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude, MAV in that first year after construction is a simple mathematical calculation. ORS 308.153(1).
The Regular Division of this court, on several occasions, has addressed the issue of uniformity in the years following those major changes to the Oregon Constitution.
The concept of MAV is an artificial statutory creation. In Taylor v.Clackamas County Assessor (I), the Tax Court held:
 "It is important to point out that maximum assessed value is an arbitrary limit. It is possible that section 11 [of the Oregon Constitution] will, over time, result in nonuniform property taxation. The drafters of Measure 50 recognized that because they expressly provided that Article I, section 32, and Article IX, section 1, of the Oregon Constitution, both of which address the issue of uniformity in taxation, do not apply to section 11. Or Const, Art XI, § 11(18). If the voting public approved a scheme that may result in nonuniform taxation, then they implicitly accepted the notion of some degree of `unfairness.' That is, by providing for taxation of property at the lesser of maximum assessed value or real market value, they accepted all of the potential inconsistencies and lack of uniformity in between."
14 OTR 504, 511 (1999) (decision withdrawn on other grounds).
The court reiterated its holding in Ellis v. Lorati, stating:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
Plaintiffs' uniformity concerns cannot be addressed by this court.Caruso v. Lane County Assessor, TC-MD No 080368C at 5 (July 25, 2008). Classifications that are made for tax *Page 4 
purposes need only have a rational basis. Knapp I v. City ofJacksonville, 18 OTR 22, 39 (2004). "It has long been settled that legislative bodies are afforded great latitude in fashioning classifications for tax purposes where the classifications are not made upon the basis of suspect categories or fundamental rights."Id. (citing Huckaba v. Johnson, 281 Or 23, 25-26, 573 P2d 305 (1978). "[A] rational basis will be found to exist if there is `any conceivable state of facts' that would support the classification." Id. at 38 (quoting Huckaba, 281 Or at 26 (citations omitted)). There are many "conceivable states of facts" that exist in this appeal. The voters who passed Measure 50 and the legislature that passed the implementing legislation might have decided that the calculations and their certainty would be consistent for all new properties coming into existence after 1997. For a summary of Measure 50 in the context of historical property and constitutional claims, see Haynie v. Dept. of Rev. and Hood RiverCounty Assessor, TC No 4790 (July 28, 2008).
Upon a thorough review, the court finds that Defendant's MAV calculation is correct. There is no dispute as to the two numbers involved, namely the RMV and CPR. The product becomes the MAV. That correct number is $156,520 MAV for the 2007-08 tax year.
 III. CONCLUSION
The court concludes that Defendant's Motion to Dismiss should be granted because there is no legal basis for Plaintiffs' appeal. On the facts of this case, the board's affirmation of the MAV is proper. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss Plaintiffs'
appeal is granted, and Plaintiffs' case is dismissed.
Dated this _____ day of November 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November21, 2008. The Court filed and entered this document on November 21,2008.
[1] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").
[2] Or Const, Art XI, § 11(1)(b) (providing that "[f]or tax years beginning after July 1, 1997, the property's maximum assessed value shall not increase by more than three percent from the previous tax year"); ORS 308.146(1) (providing that MAV is the greater of 103 percent of the property's prior year AV, or 100 percent of the property's prior year MAV). Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1