IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| NICHOLAS R. GALADAY and BEVERLY J. GALADAY, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 111081D |
| v. | ) ) | |
| COLUMBIA COUNTY ASSESSOR and DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendants. | ) | **DECISION** |

Plaintiffs appeal Defendant Department of Revenue's (Defendant) Account Inactivation

notice (notice), dated September 14, 2011, stating that it was inactivating Plaintiffs' account

because "the real market value of [their] property exceeds the limit for [their] county[,]"

resulting in disqualification from Plaintiffs' continued eligibility for the Senior and Disabled

Property Tax Deferral program. The parties submitted cross-motions for summary judgment.

The matter is now ready for decision.

I. STATEMENT OF FACTS

Plaintiffs own residential property in Columbia County, Oregon (subject property),

identified as Account 23141. (Ptfs' Compl at 4.) Plaintiffs filed a Property Tax Deferral

Recertification Application (recertification application) for the Senior and Disabled Property Tax

Deferral Program (deferral program) for the 2011 tax year. (Def's Cross Mot Summ J at 1.) In

their recertification application, Plaintiffs stated that, as of April 15, 2011, they had owned and

resided in the subject property for five and a half years. (*Id.*)

/ / /

/ / /

On April 23, 2011, Kathy Stevens, a representative from Defendant, spoke with Nicholas Galaday and learned that Plaintiffs had owned and resided in the subject property since August 2006. (*Id*. at 2; Dec of Stevens at 3.) Defendant concluded that Plaintiffs owned and resided in the subject property for four and a half years as of April 15, 2011, not for five and a half years as stated in Plaintiffs' recertification application. (*Id*.)

On September 14, 2011, Defendant sent Plaintiffs a notice that stated:

"Unfortunately you don't meet the [deferral] program's new requirements.

"* * * * *

"We will inactivate your account because:

"The real market value of your property exceeds the limit for your county."

(Ptfs' Compl at 2.)

Plaintiffs do not dispute that they fail to meet the deferral program's new eligibility requirements imposed by House Bill (HB) 2543 (2011). (Def's Cross Mot Summ J at 5.) However, Plaintiffs argue that "HB-2543 is unconstitutional as its provisions relating to 'RMV Limit' are in violation of the 'Equal Protection Clause of the 14th Amendment to the Constitution of the United States of America [because] 'County Median RMV' * * * varies from county to county." (Ptfs' Compl at 1.)

Plaintiffs allege that, under the new law:

> "Oregonians are treated unequally by being held to different standards depending on their county of residency. This unequal protection has resulted in my 18 year old double-wide manufactured home in Columbia County not qualifying for the Program, while a friend's split-level in West Linn easily qualifying in Clackamas County. All otherwise qualifying seniors who reside in low income counties are subsequently similarly disadvantaged by force of this law."

(Ptfs' Cross Mot Summ J at 2.)

Defendant disagrees with Plaintiffs that HB 2543 (2011) violates the Equal Protection Clause and alleges that:

> "Plaintiffs are ineligible for the deferral program because (1) the RMV of their homestead entered on the 2010/11 certified assessment and tax roll ($190,650) exceeds 100 percent of the County Median RMV for Columbia County ($182,565) for that year and (2) the subject property was not their homestead for at least five years preceding April 15, 2011."

(Def's Cross Mot Summ J at 8.)

## II. ANALYSIS

In 2011, the Oregon legislature passed House Bill (HB) 2543 (2011), amending the requirements for participation in the Senior and Disabled Property Tax Deferral Program. Or Laws 2011, ch 723 §§ 1-32.

HB 2543 amended ORS 311.670(1)(a)[1] to state in part:

> "(1) Property is not eligible for tax deferral under ORS 311.666 to 311.701 unless, at the time a claim is filed and during the period for which deferral is claimed:
>
> "(a)The property has been the homestead of the individual or individuals who file the claim for deferral for at least five years preceding April 15 of the year in which the claim is filed * * *."

Defendant alleges and Plaintiffs do not contest that Plaintiffs fail to meet the requirement of ORS 311.670(1)(a). (Def's Cross Mot Summ J at 2.) Plaintiffs purchased and resided in the subject property beginning August 2006. (Def's Cross Mot Summ J at 2; Dec of Stevens at 3.) As of April 15, 2011, Plaintiffs owned and resided in the subject property for four and a half years. (*Id.*) Plaintiffs fail to meet the requirement of ORS 311.670(1)(a), because the subject property was not their homestead for five years preceding April 15, 2011. Therefore, Plaintiffs are not eligible for the deferral program.

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011 unless otherwise stated.

Even if the subject property was Plaintiffs' homestead for five years preceding April 15, 2011, Plaintiffs would still fail to qualify for the deferral program. HB 2543 amended ORS 311.670(2) to exclude from the deferral program properties with a real market value exceeding the applicable percentage of the "county median RMV," with the applicable percentage based on the number of years that "taxpayers have continuously owned and lived in the homestead." Or Laws 2011, ch 723 § 3.

ORS 311.670(2) provides in part:

"Notwithstanding subsection (1) of this section, a homestead is not eligible for deferral under ORS 311.666 to 311.701 if the real market value of the homestead entered on the last certified assessment and tax roll is equal to or greater than:

"(a) 100 percent of county median RMV if, as of April 15 of the year in which a claim is filed, the taxpayers have continuously owned and lived in the homestead at least five years but less than seven years."

Defendant alleges and Plaintiffs do not contest that Plaintiffs do not meet the requirement of ORS 311.670(2)(a). However, Plaintiffs allege that HB 2543 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, because deferral program applicants residing in different counties are subject to different county median real market value standards. (Ptfs' Cross Mot Summ J at 2.) Plaintiffs believe that HB 2543 disadvantages otherwise qualifying seniors who reside in low income counties. (*Id.*)

The Equal Protection Clause states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." US Const, Amend XIV, §1. The Equal Protection Clause "does not prevent states from resorting to classifications for the purposes of legislation[.]" *Huckaba v. Johnson*, 281 Or 23, 25, 573 P2d 305 (1978) (citations omitted). "It has long been settled that legislative bodies are afforded great latitude in fashioning classifications for tax

///

purposes where classifications are not made upon the basis of suspect categories or fundamental rights." *Knapp v. City of Jacksonville*, 18 OTR 22, 39 (2004).

The Oregon Supreme Court set forth the applicable standard for analyzing tax issues under the Equal Protection Clause:

> "What is required in assessing a constitutional challenge to classification for tax benefit is a review of the grounds for the classification to determine if it rests upon a rational basis. The legislature may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it. It, however, is not sufficient to merely point out differences between groups of taxpayers for divergent treatment."

*Huckaba,* 281 Or at 26 (citations omitted).

The Tax Court similarly stated:

> "A legislative classification for the purpose of taxation will not be held invalid unless it is plainly and manifestly arbitrary and without any reasonable basis.
>
> " * * * * *
>
> "The question of classification is purely legislative, and only when the courts can say there is no reasonable justification for the discrimination made will they interfere."

*Jarvie v. Comm'n*, 1 OTR 1, 8 (1962) (citations omitted) (internal quotation marks omitted).

The question is whether the Oregon legislature had a reasonable basis for requiring applicants to meet a county median real market value standard to qualify for the deferral program. The Oregon legislature passed HB 2543 because of concerns regarding the funding of the deferral program. Audio Recording, Senate Committee on Finance and Revenue, HB 2543, May 25, 2011, at 11:40:00 (comments of Rep Vicki Berger), http://www.leg.state.or.us/listn/ (accessed September 10, 2012). The new deferral program requirements imposed by HB 2543, including the county median real market

value standard, limit the amount of applicants qualified for the deferral program and ensure that the deferral program has adequate funding. *Id.*

Subjecting applicants to a county median real market value standard based on each applicant's county of residence is not "plainly and manifestly arbitrary." To the contrary, assessing applicants based on a county median real market value standard is less arbitrary and more equitable than subjecting applicants to a uniform standard. Audio Recording, Senate Committee on Finance and Revenue, HB 2543, May 27, 2011, at 10:47:00 (comments of John Phillips, Legislative Liaison, Department of Revenue), http://www.leg.state.or.us/listn/ (accessed September 10, 2012). Holding applicants to a uniform standard could potentially discriminate against those who live in counties with high property values. Audio Recording, Senate Committee on Finance and Revenue, HB 2543, May 27, 2011, at 06:50:00 (comments of Jed Tomkins, Assistant County Attorney, Multnomah County), http://www.leg.state.or.us/listn/ (accessed September 10, 2012).

Because the Oregon legislature determined that subjecting applicants to a county median real market value standard is not arbitrary and is an equitable way of assessing an applicant's deferral program eligibility, the court concludes that the Oregon legislature had a reasonable basis for imposing the requirement. HB 2543 does not violate the Equal Protection Clause of the Fourteenth Amendment.

Because the subject property's real market value exceeds 100 percent of Columbia County's median real market value, Plaintiffs fail to meet the requirement of ORS 311.670(2). Therefore, Plaintiffs are not eligible for the deferral program.

/ / /

/ / /

### III. CONCLUSION

After careful review of the facts and applicable law, the court concludes that Plaintiffs failed to meet the Senior and Disabled Property Tax Deferral Program's eligibility requirements set forth in ORS 311.670 for tax year 2011-12 and HB 2543 does not violate the Equal Protection Clause of the Fourteenth Amendment. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's Cross-Motion for Summary Judgment is granted.

Dated this ___ day of September 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on September 11, 2012. The Court filed and entered this Decision on September 11, 2012.*