IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

FRANCES R. BOLY,                 )
                                          )
          Plaintiff,           )    TC-MD 140324C
                                          )
     v.                        )
                                          )
DEPARTMENT OF REVENUE,    )
State of Oregon,                )
                                          )
         Defendant.        )    **FINAL DECISION**

This Final Decision incorporates without change the court's Decision entered March 24, 2015. The court did not receive a request for an award of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16.

This matter is before the court on the parties' cross-motions for summary judgment. Plaintiff appeals Defendant's denial of her application for homestead property tax deferral, notification of which was dated April 28, 2014. The tax year at issue is 2014-15. Jeffrey E. Boly represented Plaintiff. Melisse S. Cunningham, Senior Assistant Attorney General, represented Defendant. Briefing closed on February 9, 2014. Neither party requested oral argument.

## I. STATEMENT OF FACTS

The parties stipulated to the following facts:

"1. The law allows qualifying citizens to participate in the Senior and Disabled Citizens Property Tax Deferral Program under ORS 311.666-ORS 311.701.

"2. Plaintiff participated in the deferral program from 1983 through 2010 and the state paid the annual property taxes on her behalf to Multnomah County.

"3. The 2011 Legislature passed HB 2543 which made several changes to the eligibility criteria and administrative requirements of the deferral program.

"4. Of relevance to this case, ORS 311.670(2) was amended to limit the value of a home that is eligible for deferral based on a formula that takes into account the median county real market value and the number of years the applicant

has owned and lived on the property."

"5. The maximum value a home may have, and still qualify for deferral, is 200% of the county median real market value. This limit is for applicants, like Ms. Boly, that have owned and lived in their homes for twenty-five years or more. Applicants with home values of less than 200% of the county median

real market value remain eligible even if they have owned and lived in their homes for more than twenty-five years.

"6. Claimants lose eligibility for deferral under ORS 311.668(2), if either household income exceeds the limit [of] ($42,000 for 2014) $32,000 or net worth exceeds $500,000 for the previous tax year. However, pursuant to ORS 311.666(4)(b) 'Net worth' does not include the value of a homestead for which deferral is claimed.

"7. Plaintiff was inactivated from the program on September 22, 2011 due to her home exceeding the real market value limitation.

"8. Plaintiff filed a timely application for deferral in January of 2014. This application was denied due to the home increasing in value to exceed the real market value limitation."

(Stip Facts at 1-2.)

## II. ANALYSIS

A.    *Issue Presented*

This case presents two issues for the court to resolve. The first is whether the statutory definition of "net worth" in ORS 311.666(4) is relevant to a determination of whether a taxpayer's property value exceeds the value limitation found in ORS 311.670(2).[1] The second issue is whether the amendments to ORS 311.670(2) brought about by Oregon Laws 2011, chapter 723 ("HB 2543"), violate Article I, section 20, of the Oregon Constitution.

B.    *The Law*

ORS 311.668(1) provides for the deferral of property taxes on a qualifying individual's property, provided an application is filed in accordance with the provisions of ORS 311.672 and the claimant and the property meet all the eligibility requirements in ORS 311.668 and ORS 311.670.

---

[1] Unless noted otherwise, the court's references to the Oregon Revised Statutes (ORS) are to 2013.

As is relevant to this case, the homestead property tax deferral is available to "[a]n individual who is * * * 62 years of age or older on or before April 15 of the calendar year in which the claim is filed[.]" ORS 311.668(1)(a)(A). Plaintiff in this case met the age requirement. And she timely filed her property tax deferral claim in accordance with the provisions of ORS 311.672.

There are, however, certain limitations on a claimant's eligibility for deferral, notwithstanding the fact that the individual is otherwise eligible based on age and a timely filed application.[2] Those limitations are found in two separate statutes. ORS 311.668(2) limits a claimant's eligibility based on household income and net worth. ORS 311.670(2) limits a homestead's eligibility based on the homestead's value and the number of years the claimant has lived at the homestead.

The relevant statutory provision in this case concerns the homestead's value and years of ownership and residency, and is found in ORS 311.670(2). That statute limits the eligibility of certain property for homestead property tax deferral based on the length of time the taxpayer has owned and lived in the home, and the real market value (RMV) of the property reflected on the county's assessment and tax roll for the prior tax year, as compared to the county median RMV.[3] The statute provides, in relevant part, that

/ / /

/ / /

/ / /

---

[2] An individual who is disabled can qualify regardless of age, but that factor is not relevant in this case and is therefore not addressed in the court's analysis.

[3] The statute defines "homestead" as "the owner occupied principal dwelling * * * owned by the taxpayer and the tax lot upon which it is located." ORS 311.666(2). The RMV limitation therefore applies to both the value of the home and the land as opposed to just the value of the improvement (*i.e.*, the home).

"a homestead is not eligible for deferral under ORS 311.666 to 311.701 if the real market value of the homestead entered on the last certified assessment and tax roll is equal to or greater than * * * 200 percent of county median RMV [real market value] if, as of April 15 of the year in which a claim is filed, the taxpayers have continuously owned and lived in the homestead for 25 years or more."

ORS 311.670(2), (2)(k).

The RMV limitation in ORS 311.670(2) is graduated, and begins at 100 percent of county median RMV for "taxpayers [who] have continuously owned and lived in the homestead at least five years but less than seven years." ORS 311.670(2)(a). Taxpayers who have owned and lived in the homestead continuously "at least seven years but less than nine years" cannot have a homestead with an RMV on the last certified assessment and tax rolls "equal to or greater than * * * 110 percent of county median RMV." ORS 311.670(2)(b). Those RMV limitations increase in 10 percent increments up to the 200 percent limitation contained in paragraph (k) of ORS 311.670(2) set forth above.

Because the parties' arguments both repeatedly reference HB 2543, which made a number of changes to the homestead property tax deferral program when enacted by the state legislature in 2011, the court will set forth key relevant provisions of that legislation as they pertain to this case. Section 2, discussed extensively by Plaintiff in her brief, amended subsection (2) of ORS 311.668 to include limitations on net worth. ORS 311.668(2), as amended by Section 2 of HB 2543, provides:

/ / /

/ / /

/ / /

/ / /

/ / /

"(a) Notwithstanding subsection (1) of this section, deferral may not be granted under ORS 311.666 to 311.701 with respect to a claim filed by individuals who together have, for the calendar year immediately preceding the calendar year in which the claim for deferral is filed:

"(A) Household income of $32,000 or more; or

"(B) *Net worth of $500,000 or more*."

Or Laws 2011, ch 723, § 2 (emphasis added).[4]

The $32,000 household income limitation, which is annually indexed to changes in the consumer price index for tax years beginning on or after July 1, 2002, existed prior to the amendments made by HB 2543. *See generally* ORS 311.668(2)(a)(B)and (2)(b). That household income limitation was initially enacted by the legislature in 1983.[5] *See* 1983 Or Laws, ch 550, § 2.

The legislative change that Plaintiff seizes upon is the $500,000 "net worth" limitation in ORS 311.668(2)(a)(B). HB 2543 defines "net worth" to exclude the value of the homestead. Or Laws 2011, ch 723, § 1 (*codified as* ORS 311.666(4)(b)). That provision reads, in pertinent part: " 'Net worth' does not include the value of a homestead for which deferral is claimed under ORS 311.666 to 311.701[.]" (*Id.*)

Plaintiff makes two arguments in support of her motion for summary judgment. Plaintiff contends that the statute, as amended by HB 2543, is "1) ineffective and meaningless and 2) in violation of Oregon Constitution, Article 1, Section 20." (Ptf's Mot Summ J at 2.)

/ / /

---

[4] A limitation on household income has been a part of the homestead property tax deferral program statutory framework since 1983. *See* Or Laws 1983, ch 550, § 2. Thus, while section 2 of HB 2543 adds a $32,000 household income limitation to ORS 311.668(2)(a)(A) (in bold typeface, used to indicate new language), it also deletes a similar $32,000 limitation from ORS 311.668(1)(b). *See* Or Laws 2011, ch 723, § 2.

[5] The income limitation was initially $17,500, and there was no provision for annual indexing. 1983 Or Laws, ch 550, § 2 (amending ORS 311.668(1)).

In its cross-motion for summary judgment, Defendant asserts that it "is entitled to summary judgment in its favor because plaintiff's homestead is ineligible for property tax deferral under ORS 311.670(2), and plaintiff's statutory and constitutional arguments are meritless." (Def's Resp & Cross-Mot Summ J at 1.)

C. *Is the ORS 311.666(4) definition of "net worth" relevant to determine whether a taxpayer's property value exceeds the value limitation found in ORS 311.670(2)*

Plaintiff argues that HB 2543 is "self-cancelling." (*Id*.) Plaintiff contends that because the statutory definition of "net worth" found in ORS 311.666(4)(b) "does not include the value of a homestead for which deferral is claimed," then the provisions in ORS 311.670(2) are "effectively nullifie[d]." (*Id*.) This is so, Plaintiff insists, because "if the claimant's net worth cannot include the value of the homestead itself, the homestead portion of the claimant's net worth will necessarily be zero and so never exceed 200% of county mean [sic][6] RMV." (*Id*. at 3.) Plaintiff reasons that

> "[t]he consequence is that the ORS 311.670 eligibility of property limitations of paragraph (2) subparagraphs (a) through (k) will never become effectively applicable * * * because the ORS 311.666 (4)(b) definition of homestead net worth cancels what becomes a futile * * * attempt [in ORS 311.670(2)(a) to (k)] to limit property tax deferral relief by comparing homestead real market value (a value which cannot include 'the value of a homestead * * *') with a percentage of county median real market value."

(*Id*.)

Defendant rejects Plaintiff's argument that the definition of net worth in ORS 311.666(4) is relevant to a determination of whether the real market value of a property exceeds the value limitation in ORS 311.670. (*Id*. at 1-3.) Defendant counters that "[t]he definition of 'net worth' in ORS 31.666(4) is relevant only to the additional eligibility requirements for the deferral program contained in ORS 311.668, because that is *the only place* the term is used anywhere in

---

[6] The statute refers to median RMV, not mean.

the deferral program statutes, ORS 311.666 to 311.701." (Def's Resp & Cross-Mot Summ J at 2) (emphasis in original). Defendant notes that there are numerous limitations on eligibility, including the "net worth" provision in ORS 311.668(2)(a)(B) and "the limitations on eligibility imposed under ORS 311.670 based on RMV[.]" (*Id.*)

The court concludes that the statutory definition of net worth is not relevant to a determination of whether a taxpayer's property value exceeds the value limitation found in ORS 311.670(2). The definition of net worth is irrelevant because there are two separate and distinct statutory provisions imposing limitations on a claimant's ultimate eligibility for property tax deferral. ORS 311.668(2)(a) precludes the grant of deferral where the claimant either has a household income exceeding the statutory limitation in paragraph (A) or a "[n]et worth of $500,000 or more." The other statutory limitation on eligibility is found in ORS 311.670(2). That is the provision that ties the real market value of the homestead to a percentage of county median real market value and the length of time the property has been the homestead of the individual seeking deferral. The terms of ORS 311.670(2) limit eligibility based on a homestead's real market value rather than on "the homestead portion of a claimant's net worth," as misstated by Plaintiff. As Defendant correctly points out, "Plaintiff's argument erroneously conflates the net worth limitation in ORS 311.668(2)(a)(B) with the RMV limitations in ORS 311.670(2)." (Def's Resp & Cross-Mot Summ J at 2.)

In summary, the "net worth" limitation found in ORS 311.668(2)(a)(B) and the homestead real market value limitation found in ORS 311.670(2) are two separate and distinct limitations on property tax deferral, and a claimant that exceeds either limitation does not qualify for the homestead property tax deferral. Plaintiff does not meet the second limitation, in that the real market value of her homestead exceeds 200 percent of county median real market value and

she has "continuously owned and lived in the homestead for 25 years or more."
ORS 311.670(2).

In her Reply to Defendant's Response (Reply), Plaintiff asserts that the definition of "net worth" found in ORS 311.666(4)(b) (" '[n]et worth' does not include the value of a homestead for which deferral is claimed") specifically applies to ORS 311.670(2) "because ORS 311.670(2) is included within ORS 311.666 to 311.701." (Ptf's Reply at 1.) The basis for that assertion is that ORS 311.666, which is the "definitions" section of the deferral statutory provisions, begins with the following language: "As used in ORS 311.666 to 311.701[.]" Plaintiff contends that it is impossible to determine whether the real market value of a homestead exceeds the percentage limitations in ORS 311.670(2) because the definition of net worth found in ORS 311.666(4)(b) excludes the value of the homestead from consideration. (Id. at 2.)

The court disagrees. Plaintiff incorrectly asserts that "Defendant's error is the belief that use of the term net worth must be part of the text in ORS 311.670(2) for the concept of that phrase to be applicable there." (Id. at 2-3.) As stated above, the $500,000 limitation on "net worth" is one of several requirements for homestead property tax deferral found in ORS 311.668. The fact that the definition of the phrase "net worth" found in ORS 311.666, like the other definitions in that statute, applies to the homestead deferral statutes is irrelevant because those definitions only apply where the terms themselves are used. As indicated above, the only place the term "net worth" appears is in ORS 311.668(2). There is no reference to the term "net worth" in ORS 311.670.

While Plaintiff amplified her argument in her Reply, her underlying premise remains unchanged and is a fundamental misunderstanding of the statute. Under ORS 311.670(2)(k), Plaintiff cannot qualify for homestead deferral if the real market value of her homestead was

equal to or greater than 200 percent of county median RMV on the last certified assessment and tax roll, and if she had lived in her home for more than 25 years. Plaintiff's real market value exceeded the 200 percent limitation and, as a result, Defendant was statutorily precluded from granting Plaintiff's application for property tax deferral. (*See* Stip Facts at 2, ¶ 7.)

D. *Do the 2011 amendments to ORS 311.670(2) violate Article I, section 20, of the Oregon Constitution?*

Plaintiff contends that the provisions HB 2543 amending ORS 311.670(2) violate Article I, section 20 of the Oregon Constitution. (Ptf's Mot Summ J at 4; Ptf's Reply at 4.) Plaintiff asserts that applying Article I, section 20, "to the facts of this case" shows that, while persons at least 62 years of age "who have resided in their home for at least 5 years but not more than 25 years are eligible" for deferral, "[t]hose age 62 years or more who have resided in their home for more than 25 years are not eligible." (Ptf's Mot Summ J at 4.) In her Reply, Plaintiff argues that:

> "the deferral program statutes do not preclude participation by those seniors who have owned and lived in their home for less than 25 years, except where the real market value of the homestead exceeds the allowable percentage of real market value. Rather, *disparate treatment arises where the taxpayer's assessment exceeds 200% of RMV and a senior has lived in his or her homestead for more than 25 years*. Then deferral is denied."

(*Id*. at 4 (emphasis added).)

Defendant responds that Plaintiff's initial position, set forth in her opening brief, "is based on an incorrect reading of the fundamental statutory provisions." (Def's Resp & Cross-Mot Summ J at 4.) Defendant notes that the parties stipulated that "[a]pplicants with home values of less than 200% of the county median real market value remain eligible even if they have owned and lived in their homes for more than twenty-five years." (*Id*., Stip Facts at 2, ¶ 5.) Defendant further argues that "even if ORS 311.670(2)(k) creates a class of taxpayers

distinguishable from other taxpayers based on years of homestead residency, it does not create a 'true class' that is protected under Article I, section 20, of the Oregon Constitution." (*Id*.) The court agrees, as explained below.

Article I, section 20, of the Oregon Constitution, often referred to as the Privileges and Immunities Clause, provides that "[n]o law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Article I, section 20, provides two separate protections to citizens because it "forbids inequality of privileges or immunities not available upon the same terms, *first*, to any citizen, and *second*, to any class of citizens." *Tanner v. Oregon Health Sciences University* (*Tanner),* 157 Or App 502, 520, 971 P2d 435 (1998) quoting *State v. Clark* (*Clark),* 291 Or 231, 237, 630 P2d 810 (1981), *cert den,* 454 US 1084 (1981) (emphases added).

Here, taxpayer is arguing that she is a member of a class—the second protection of Article I, section 20. Plaintiff argues that she is part of a class of "the elderly" who have been "historically members of a disadvantaged class." (Ptf's Reply at 6.) Plaintiff goes on to argue that "age and the number of years residing in a homestead" are "immutable characteristics." (*Id*.) Plaintiff continues, arguing that she:

> "is a member of a true class, often exploited and disadvantaged, that previously benefitted from a program designed to ameliorate the property tax appreciation hardship. Pursuant to HB 2543 the oldest and most vulnerable cohort of that class, those who resided in their homestead for more than 25 years, have now lost the protection of property tax deferral. * * * This classification is the epitome of the 'plainly and manifestly arbitrary and without any reasonable basis' prohibition which *Tanner*, *Haldeman* [*v. Department of Revenue* (*Haldeman*), 20 OTR 183 (2010)] and *Galaday* [*v. Columbia County Assessor*, TC-MD 111081D (2012)] all prohibit."

(*Id*. at 6-7.)

As this court noted with respect to a challenge to a regulation in *Haldeman v. Department of Revenue* (*Haldeman*), 20 OTR 183 (2010), there are several analytical steps involved in addressing an Article I, section 20, argument where, as here, taxpayers argue they fit within a class of citizens who are excluded from the privilege of a tax benefit. 20 OTR at 186. Those steps include ascertaining what classification exists within the challenged law, whether the classification involves a "true class," and, if the taxpayer does belong to a true class, whether that class is suspect. (*See id*.) Finally, "depending on the nature of the class of taxpayer," does the challenged law "pass or satisfy the corresponding level of scrutiny under Oregon law?" (*Id*. at 187).

The classification Plaintiff challenges in the homestead deferral program is found in several statutes. ORS 311.668(1)(a)(A) requires that a non-disabled individual filing a claim for homestead property tax deferral be "62 years of age or older on or before April 15 of the calendar year in which the claim is filed[.]" That is the age classification Plaintiff finds objectionable. ORS 311.670(2) imposes an additional limitation on eligibility for an otherwise qualifying claimant "if the real market value of the homestead entered on the last certified assessment and tax roll is equal to or greater than * * * 200 percent of county median RMV" and the taxpayer has "continuously owned and lived in the homestead for 25 years or more." Stated more succinctly, the classification Plaintiff describes in the challenged statutes is elderly persons who are 62 years of age or older, who have continuously owned and lived in their homestead for more than 25 years, and have a homestead RMV on the assessment and tax rolls that is equal to or greater than 200 percent of county median real market value.

Despite Plaintiff's allegation that "the elderly" are a class affected by HB 2543, the only factor limiting an otherwise qualifying claimant to the tax deferral is the value of the claimant's

home. Plaintiff does not challenge the preferential treatment "elderly" Oregon residents receive from the homestead deferral statutes; she only disputes the exclusion from that treatment of those whose homes are worth 200 percent of county median value. Therefore, the pertinent classification is not "the elderly," but rather "owners of high-value homes."

Assuming for the sake of argument that Plaintiff was a member of a true class,[7] the class was non-suspect because taxpayers who are 62 years of age or older, who have lived in their homes more than 25 years, and who have a homestead valued at least 200 percent of their county median real market value are not a "distinct, socially recognized group that ha[s] been the subject of adverse social or political stereotyping or prejudice." *Tanner*, 157 Or App at 523. Accordingly, disparate treatment "may be justified on a 'rational basis' examination[.]" *Id*. "To survive an equal privileges and immunities challenge under the rational basis test, the classification involved must bear some rational relationship to some legitimate end." *Withers v. State*, 163 Or App 298, 309, 987 P2d 1247 (1999).

Courts analyze Article I, section 20, questions using the same standard applied to federal Equal Protection challenges. *Knapp I v. City of Jacksonville* (*Knapp I*), 18 OTR 22, 39 (2004).

> "[C]lassifications that are made for tax purposes need only have a rational basis. It has long been settled that legislative bodies are afforded great latitude in fashioning classifications for tax purposes where the classifications are not made upon the basis of suspect categories or fundamental rights."

*Haynie v. Dept. of Rev.* (*Haynie*), 19 OTR 488, 500 (2008) (internal citations and quotation marks omitted). "[A] rational basis will be found to exist if there is any conceivable state of facts that would support the classification." *Id*. (Quoting *Knapp I*, 18 OTR at 38 (quoting

---

[7] A "true class" is one that is "defined in terms of characteristics that are shared apart from the challenged law or action." *Tanner*, 157 Or App at 520. "A non-true class is one that, but for the challenged law in question, would 'have no identity at all.' " *Haldeman*, 20 OTR at 188 (citing *Tanner*, 157 Or App at 521).

*Huckaba v. Johnson*, 281 Or 23, 26, 573 P2d 305 (1978)).) In *Haynie*, this court then theorized possible reasons for the passage of the challenged legislation and found those possible reasons sufficient for the law at issue to withstand constitutional challenge.

Here, Defendant has asserted that the legislature, in response to a forecast of a large financial shortfall in the deferral program fund, "rationally chose to structure program eligibility, in part, based on the length of time the owner occupied the subject property as the owner's principal dwelling and the RMV of that property compared to the county median." (Def's Resp & Cross-Mot Summ J at 6.) That assertion is based on legislative history set forth in Defendant's Response memorandum. (*Id*.) Defendant explained that "at the time the legislature passed HB 2543, the deferral program funds could not continue to pay the taxes for all of the existing program participants, much less any new applicants." (*Id*.) The court concludes HB 2543 does not violate Article I, section 20 because the legislature had a rational basis for imposing limitations on eligibility.

### III. CONCLUSION

The court concludes that Plaintiff does not qualify for the homestead property tax deferral for the 2014-15 tax year because the real market value of her homestead is greater than 200 percent of the county median real market value. ORS 311.670(2). The court further concludes that the value limitations in ORS 311.670(2), which vary depending on the length of time a claimant has lived in the homestead, coupled with the age requirement found in ORS 311.668(1)(a)(A), do not violate Article 1, section 20, of the Oregon Constitution because owners of high-value property are not a suspect class, and the legislature had a rational basis for imposing limitations on their eligibility. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's cross-motion for summary judgment is granted.

Dated this ___ day of April 2015.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the final decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Dan Robinson on April 13, 2015.  The court filed and entered this document on April 13, 2015.*